OPINION
{¶ 1} Appellant, Leslie Taylor, appeals from the judgment entry issued by the Ashtabula County Court of Common Pleas, Juvenile Division, in which the juvenile court adopted the magistrate's decision to terminate appellant's parental rights and grant permanent custody of her minor children, Matthew Meyer, born February 24, 1992; Curtis Meyer, born November 14, 1996; and Katherine Meyer, born May 20, 1998, to appellee Ashtabula County Children Services Board ("ACCSB").[1]
 {¶ 2} On December 4, 1999, the three children were placed in the temporary custody of ACCSB as the result of an emergency telephone order. Two days later, ACCSB filed a complaint in the Ashtabula County Court of Common Pleas, Juvenile Division. The complaint alleged that Matthew, Curtis, and Katherine were neglected and dependent children. The parties stipulated to a finding of neglect, and following a February 9, 2000 evidentiary hearing, ACCSB maintained temporary custody of the children.
 {¶ 3} On November 7, 2000, ACCSB filed a motion requesting modification of temporary custody to permanent custody. Later, ACCSB filed a withdrawal of its motion for permanent custody and, in its place, filed a motion for a review of custody hearing to extend temporary custody. Following a hearing, an extension of temporary custody was granted until December 3, 2001.
 {¶ 4} A second motion requesting modification of temporary custody to permanent custody was filed by ACCSB. However, following a review hearing, the motion for permanent custody was held in abeyance, and the children were returned to their parents in the hopes of a reunification. The attempted reunification was conditioned upon the parent's compliance with various safety regulations.
 {¶ 5} Due to the parents' failure to comply with the safety regulations, the children were again placed in the temporary custody of ACCSB around February 2002. After an adjudicatory hearing regarding the permanent custody of the children, the magistrate issued a decision awarding ACCSB permanent custody of all three children. Both appellant and Mr. Meyer made timely objections to the magistrate's decision. The juvenile court overruled the parents' objections, and issued a judgment entry on December 13, 2002, adopting the magistrate's decision awarding permanent custody of the children to ACCSB.
 {¶ 6} From this judgment appellant timely filed a notice of appeal and asserts three assignments of error for our consideration:
 {¶ 7} "[1.] Ashtabula County Children Services Board failed to prove by clear and convincing evidence that the subject children could not be reunified with their parents, and the Juvenile Court therefore erred in awarding permanent custody to Children Services.
 {¶ 8} "[2.] The juvenile court erred in improperly admitting evidence of drug testing results regarding the father of the subject children at the permanent custody hearing.
 {¶ 9} "[3.] The Juvenile Court erred in failing to discuss best interest statutory factors under R.C. 2151.414(D) in awarding permanent custody of the subject children to Children Services."
 {¶ 10} We will review appellant's third assignment of error first, as it is dispositve of this appeal.
 {¶ 11} Appellant's third assignment of error argues that the juvenile court erred in adopting the magistrate's decision because it failed to discuss the relevant statutory factors under R.C. 2151.414(D). Specifically, appellant maintains that the magistrate's decision "fails to address the statutory factors relevant to whether it was in the best interests of the [children] to award permanent custody to ACCSB, and to relate the law to the specific facts of the case." Based upon the following, we find appellant's argument to be with merit.
 {¶ 12} Our analysis begins by noting that R.C. 2151.414 provides specific guidelines that a juvenile court is required to follow. These requirements are established by a two-pronged analysis set forth in R.C.2151.414(B)(1). The two-pronged analysis of R.C. 2151.414(B)(1) allows the juvenile court to grant permanent custody of a child to children's services if the court determines, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody to the agency and that any of the following apply:
 {¶ 13} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 14} "(b) The child is abandoned.
 {¶ 15} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 16} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 17} If the juvenile court determines that one of the four circumstances listed in R.C. 2151.414(B)(1)(a) through (B)(1)(d) is present, then the court must proceed to the second prong of the analysis regarding the child's best interests. In the instant case, the juvenile court found that the children had not been orphaned or abandoned. The juvenile court then confirmed that there was clear and convincing evidence demonstrating that the children cannot be placed with either parent within a reasonable period of time or should not be placed with their parents. R.C. 2151.414(B)(1)(a). Specifically, the magistrate found, by clear and convincing evidence, that: (1) the parents continuously and repeatedly failed to substantially remedy the conditions causing the children to be placed outside the home, (2) appellant's chronic emotional illness is so severe that it makes appellant unable to provide an adequate permanent home for the children, (3) the parents had demonstrated a lack of commitment toward the children by failing to regularly support, visit or communicate with the children, and (4) there are no appropriate relatives to assume the care or custody of the children.
 {¶ 18} Because the first prong of the analysis had been satisfied, the magistrate was required to proceed with an examination of the second prong to determine whether terminating appellant's parental rights was in the best interests of the children. In determining the best interests of the children, R.C. 2151.414(D) mandates that the juvenile court must consider all relevant factors, including, but not limited to, the following:
 {¶ 19} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 20} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 21} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 22} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 23} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 24} This court has consistently held that the provisions of R.C. 2151.414(D) are mandatory and "must be scrupulously observed." In reHommes (Dec. 6, 1996), 11th Dist. No. 96-A-0017, 1996 Ohio App. LEXIS 5515, at 4. See, also, In re Ranker (Oct. 6, 2000), 11th Dist. No. 99-P-0072, 2000 Ohio App. LEXIS 4662; In re Jacobs (Aug. 25, 2000), 11th Dist. No. 99-G-2231, 2000 Ohio App. LEXIS 3859; In re Kelley, 11th Dist. No. 2002-A-0088, 2003-Ohio-194. "`Thus, the failure to discuss each of the factors set forth in R.C. 2151.414(D) when reaching a determination concerning the best interest of the child is prejudicial error.'" (Emphasis sic.) In re Kelley at ¶ 25, quoting In Re Jacobs at 13. See, also, In re Ranker, at 21. Accordingly, if a juvenile court fails to include a discussion of each of the five relevant factors this court must reverse and remand the matter for further proceedings.
 {¶ 25} In the case at bar, the magistrate's decision listed the factor's set forth in R.C. 2151.414(D). Furthermore, both the magistrate's decision and court's judgment entry stated that the factors of R.C. 2151.414(D) were considered, and that the best interest of the children would be served by a grant of permanent custody to ACCSB.
 {¶ 26} However, a thorough review of the magistrate's decision and the juvenile court's judgment entry makes clear that a discussion regarding the wishes of the children as expressed through their guardian ad litem, R.C. 2151.414(D)(2), is noticeably absent. The magistrate's decision does recognize that due to the children's age a guardian ad litem was appointed to represent them. Furthermore, the decision indicates that a report was filed by the guardian ad litem detailing its findings and recommendations. Nevertheless, the magistrate decision provided no substantive discussion of the report's findings and its application to the case sub judice.
 {¶ 27} It is apparent that the magistrate's decision properly discussed four of the five relevant factors; however, its failure to discuss the wishes of the children, pursuant to R.C. 2151.414(D)(2), is prejudicial error. While we are mindful that no single factor is dispositve of this issue, "[i]n making its factual determinations in these types of decisions, the trial court must adequately explain its reasoning from which to permit appellate review." In re Ethington (July 23, 1999), 11th Dist. No. 98-T-0084, 1999 Ohio App. LEXIS 3419, at 7. Therefore, a "juvenile court's judgment entry that discusses some — but not all of the factor's listed in R.C. 2151.414(D) must be reversed." (Emphasis added.) In re Hommes at 4.
 {¶ 28} Based upon the foregoing analysis, we find that the juvenile court failed to comply with the requirements of R.C. 2151.414 by adopting the magistrate's decision which failed to include a discussion of all of the relevant factors regarding the children's best interests. Appellant's third assignment of error is with merit.
 {¶ 29} Due to our holding of appellant's third assignment of error, we will forego addressing the merits of her first and second assignments of error. This matter is remanded to the juvenile court to clearly discuss in a judgment entry all of the factors set forth in R.C.2151.414(D)(1) through (5). Our decision, however, should not be construed to express any view as to whether the juvenile court properly granted ACCSB permanent custody of the child.
 {¶ 30} The judgment of the juvenile court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, J., CYNTHIA WESCOTT RICE, J., concur.
[1] The parental rights of the children's father, Leroy Meyer ("Mr. Meyer"), were also terminated. Mr. Meyer, however, has not appealed this determination and is not a party to the instant appeal.